**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:                                          CASE NO. 12-07126 EAG

ANTONIO L. RIVERA VELEZ,                        CHAPTER 7

                DEBTOR.                          FILED & ENTERED ON 01/13/2014

_____

**OPINION AND ORDER**

On September 10, 2012, debtor Antonio Rivera Velez filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. (Docket No. 1.) Debtor listed among his personal property in schedule B a savings and loan fund with the Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA") in the amount of $19,653.65. (Docket No. 8.) Designed to stimulate retirement savings among employees of the Commonwealth and other pension-covered AEELA members, an AEELA savings and loan fund is a type of spendthrift trust into which holders make mandatory contributions during their employment. P.R. Laws Ann. tit. 3, §§ 862 *et seq.*[1] By law, account holders are only permitted to make withdrawals under limited circumstances, namely termination of employment, retirement, or in the case of catastrophic illness. P.R. Laws Ann. tit. 3, § 862h.

Pending before the court is the chapter 7 trustee's (the "trustee") motion to compel turnover of debtor's AEELA savings and loan fund.[2] (Docket No. 21.) In her motion, the trustee

---

[1] This law has since been superceded by "Nueva Ley de la Asociación de Empleados del Estado Libre Asociado de Puerto Rico de 2013 y derogar la Ley Núm. 133 de 28 de junio de 1966." P.R. Law No. 9 of April 25, 2013.

[2] The determination of matters concerning the turnover of estate property are deemed to be core proceedings over which this Court has the jurisdictional authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(E).

argues that the fund is property of the estate and thus must be turned over for administration pursuant to Section 542(a).[3] Id. AEELA filed an opposition, contending that the fund does not constitute property of the estate since debtor was not entitled to make withdrawals from the fund at the time the petition was filed. (Docket No. 22.) Both parties have since filed replies. (Docket Nos. 25 and 27.) For the reasons stated below, the court DENIES the trustee's motion.

The filing of a chapter 7 case automatically creates a bankruptcy estate subject to administration by a trustee. 11 U.S.C. §§ 541, 704(a). Section 542 requires all entities in possession, custody or control of any property of the estate that the trustee may use, sell, or lease to turn over said property to the trustee at the commencement of the case. 11 U.S.C. § 542(a). The Bankruptcy Code provides that a debtor's estate is comprised of, with certain exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). While quite broad, the trustee's rights are limited to "whatever rights a debtor had at the commencement of the case . . . no more, no less." Moody v. Amoco Oil Co., 734 F.2d 1200, 1213 (7th Cir. 1984). In turn, a determination of the existence and extent of a debtor's interest in property is typically a question of state law. Caribbean Resort Constr. & Maint., Inc. v. Coco Beach Util. Co. (In re Caribbean Resort Constr. & Maint., Inc.), 318 B.R. 241, 246 (Bankr. D.P.R. 2003) ("property interests are created and defined by state law").

Most courts that have addressed the issue have held that a trustee cannot compel the turnover of funds where a debtor has no "present right" to said funds. See French v. Johnson (In re Coomer), 375 B.R. 800, 806 (Bankr. N.D. Ohio 2007) ("a bankruptcy trustee may not compel the turnover of property pursuant to § 542(a) if the debtor had no right to obtain the

---

[3] All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicated.

2

property."); In re Lyons, 957 F.2d 444, 445-46 (7th Cir. Ill. 1992) (debtor's contributions to state employees' retirement system were not subject to turnover because debtor was not entitled to receive such funds until retirement, disability, or termination of employment); Lauria v. Titan Sec. Ltd. (In re Lauria), 243 B.R. 705, 709 (Bankr. N.D. Ill. 2000) ("if the debtor does not have the right to possess or use the property at the commencement of a case, a turnover action cannot be used to acquire such rights.").  We agree.

In this case, it is uncontested that debtor was not eligible to withdraw from the fund at the time the petition was filed, since he had not retired or been fired, and was not suffering from catastrophic illness.  (Docket Nos. 21, 22, 25, and 27.)  Therefore, the trustee, standing in debtor's shoes, cannot expand her rights by compelling the turnover of the fund.

In light of this, the court DENIES the trustee's motion to compel at docket 21. SO ORDERED.

In Ponce, Puerto Rico, this 13th day of January, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

3